IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
C.A. NO.: 1:24-cv-236

Erika Lee Fong,

    Plaintiff,

vs.

Unum Life Insurance Company of America,

    Defendant.

## COMPLAINT

### Preliminary Statement

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B) to seek entitlement and payment of long-term disability (LTD) and life insurance waiver of premium (LWOP) benefits under fully insured plans issued by Unum Life Insurance Company of America.

### Parties

1. Plaintiff is a citizen and resident of South Carolina.

2. Defendant is an insurance company organized and existing pursuant to the law of one of the State of the United States, which does business in Asheville, North Carolina. Upon information and belief, Defendant is an insurance company providing benefits and who has plan participants in and significant ties to Asheville, North Carolina which is in Buncombe County.

### Jurisdiction and Venue

3. In this matter, Plaintiff seeks LTD and LWOP benefits under ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to consider this matter

based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

4. Venue in the Western District of North Carolina is appropriate by virtue of Defendant's presence and doing business in this District.

### Factual Allegations

5. Until June 2023, Plaintiff was employed with Fred V. Fowler Company, LLC and as an employee of Fred V. Fowler Company, LLC, Plaintiff was provided with LTD and LWOP coverage via plans which are fully insured by Defendant.

6. Plaintiff became disabled because of certain problems from which she suffered. Plaintiff was forced to cease working and she filed a claim for LTD & LWOP benefits.

7. Plaintiff appealed the denial and fully exhausted administrative remedies on the LTD and LWOP claims.

8. Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim. The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

### For a First Cause of Action

### For Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)

9. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

10. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plans. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the LTD and LWOP benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
North Carolina Bar #: 48743
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

Date: <u>September 12, 2024</u>          Attorneys for Plaintiff